United States District Court
Southern District of Texas
**ENTERED**
May 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELECTRICAL MEDICAL TRUST, *et al.*, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | CIVIL ACTION NO. 4:23-CV-04398 |
| U.S. ANESTHESIA PARTNERS, INC., *et al.*, | | |
| Defendants. | | |

## ORDER

Before the Court is the Joint Status Report filed on April 17, 2025. Doc. #130. In the Joint Status Report, Defendant U.S. Anesthesia Partners ("USAP") argues that discovery in this case should be bifurcated into two stages: "class" discovery and "merits" discovery. *Id.* at 5–6. Plaintiffs Electrical Medical Trust and Plumbers Local Union No. 68 Welfare Fund (collectively, "Plaintiffs") oppose bifurcation. *Id.* at 3–4. The Court held a hearing to address this dispute on April 30, 2025, at which the parties presented oral arguments. Having considered the parties arguments and the applicable legal authority, the Court denies USAP's request to bifurcate discovery.

This class action lawsuit arises out of an alleged multi-year anticompetitive scheme by USAP—a physician services organization that offers anesthesia services—to monopolize hospital anesthesia services in Texas. Doc. #1 ¶ 1. Plaintiffs are self-funded employee benefit plans that allege they paid USAP higher prices for hospital anesthesia services than they otherwise would have. *Id.* ¶ 10. The facts bringing rise to this lawsuit are substantially the same as those asserted in another lawsuit against USAP brought by the Federal Trade Commission, which is pending

before the Honorable Kenneth M. Hoyt. *See Fed. Trade Comm'n v. U.S. Anesthesia Partners, Inc.*, No. 4:23-CV-03560 (S.D. Tex.).

Plaintiffs and USAP disagree on how discovery should proceed in this case. USAP proposes a two-stage discovery process, beginning with class certification discovery followed by, if necessary, merits discovery. Doc. #130 at 5. USAP argues that this process is more efficient because (1) "Plaintiffs face formidable obstacles to class certification that are separable from the merits, so class certification discovery could bring the case to an early end"; (2) "the scope of the class, if any, will significantly affect merits discovery"; and (3) in numerous other class action cases, this Court has ordered a two-stage discovery process. *Id.* at 5–6. Plaintiffs, on the other hand, argue that (1) bifurcation "will increase the burden on the parties and the Court and add nearly six months of unnecessary delay"; (2) in recent years, courts have largely abandoned bifurcation of discovery in class action cases; and (3) Plaintiffs "intend to pursue their case through trial even without certification." *Id.* at 3–4.

"As part of the class certification process, courts must often decide whether to bifurcate class certification and merits discovery." *Mogollon v. Bank of New York Mellon*, No. 3:19-CV-3070-N-BQ, 2024 WL 4406959, at *3 (N.D. Tex. Feb. 14, 2024). The Supreme Court has instructed that class "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351. "Considering *Dukes* and the 'rigorous analysis' requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits." *Taylor v. GAINSCO Auto Ins. Agency, Inc.*, No. 3:24-CV-2889-L-BN,

2

2025 WL 906233, at *2 (N.D. Tex. Mar. 24, 2025) (citation omitted); *see also Piney Woods ER III, LLC v. Blue Cross & Blue Shield of Tex.*, No. 5:20-CV-00041-RWS, 2020 WL 13042506, at *1 (E.D. Tex. Oct. 2, 2020).

In particular, district courts in this Circuit have determined that "staying merits discovery may be inappropriate when . . . 'the issues to be raised in the proposed phases are so intertwined that it would not be in the interest of judicial economy to conduct discovery on them separately.'" *Mogollon*, 2024 WL 4406959, at *3 (quoting *Kerswill v. Mod. Brokers of Am., LLC*, No. 8:22-cv-1131-CEH-AAS, 2023 WL 3933667, at *2 (M.D. Fla. June 9, 2023)); *see also Taylor*, 2025 WL 906233, at *2 (finding "bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of [the plaintiff's] individual claims and issues of class certification"); *Piney Woods*, 2020 WL 13042506, at *1. In addition, "[b]ifurcation is particularly disfavored in actions that are large and likely to continue even if a class is not certified." *Piney Woods*, 2020 WL 13042506, at *1; *see also Mogollon*, 2024 WL 4406959, at *5.

The Court finds that the circumstances of this case weigh against bifurcation of discovery. Specifically, there is overlap between the "substantive issues in this action and factors relating to class certification." *See Piney Woods*, 2020 WL 13042506, at *3. Moreover, "in light of the bulk of authority discussing the lack of a 'bright line' distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification." *Taylor*, 2025 WL 906233, at *2 (collecting cases). Plaintiffs have also stated that they intend to pursue their case through trial even without certification. *See Piney Woods*, 2020 WL 13042506, at *1. And though USAP has pointed to several cases wherein this Court has bifurcated discovery, the parties in those cases *agreed* to the bifurcated discovery schedule, unlike Plaintiffs in this case. In light of the foregoing, and

3

considering that "district courts have been reluctant to bifurcate class-related discovery from discovery on the merits," the Court finds that bifurcation of discovery is inappropriate in this case. *See Taylor*, 2025 WL 906233, at *2. .

In conclusion, USAP's request to bifurcate discovery is hereby DENIED. The parties are ORDERED to meet and confer and submit a proposed scheduling order within fourteen (14) days of the entry of this Order.

It is so ORDERED.

**MAY 1 3 2025**
Date

The Honorable Alfred H. Bennett
United States District Judge